CSC

# Notice of Service of Process

**Transmittal Number: 35142735**
**Date Processed: 09/25/2026**

**Primary Contact:** State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Document(s) Type:** | Summons/Complaint |
| **Matter Name/ID:** | Andrea Alexander vs. State Farm Fire and Casualty Company (19996659) |
| **Case Number:** | C-149036 C |
| **Court/Agency:** | Ascension Parish District Court, LA |
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID 3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Nature of Case:** | Contract |
| **Answer or Appearance Due:** | 21 Days |
| **Service Details:** | Served on Secretary Of State in Louisiana on 09/16/2026 by Certified Mail |
| **Sender Information:** | Averill & Reaney Attorneys at Law LLC<br>985-378-8001 |

**All service of process must be acknowledged through CSC's platform to confirm receipt.**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**Document ID: 49364478**

EXHIBIT A

# State of Louisiana
# Secretary of State

09/17/2026

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

Suit No.: 149036
23RD JUDICIAL DISTRICT COURT
ASCENSION PARISH

ANDREA ALEXANDER
vs
STATE FARM FIRE AND CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

NANCY LANDRY
Secretary of State

Served on: NANCY LANDRY
Served by: B. GARAFOLA

Date: 09/16/2026
Title: DEPUTY SHERIFF

**No: 1391671**

DB

D5285598

# CITATION FOR PETITION

| | |
|---|---|
| **ANDREA ALEXANDER** | **23RD JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-149036 C** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **PARISH OF ASCENSION<br>STATE OF LOUISIANA** |

**STATE FARM FIRE AND CASUALTY COMPANY**
**THRU AGENT: LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVE**
**BATON ROUGE, LA 70809**

Parish of EAST BATON ROUGE

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: ORIGINAL PETITION FOR DAMAGES.

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23RD JUDICIAL DISTRICT COURT located at 607 E. WORTHEY STREET, GONZALES, LA 70737 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

C. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

D. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

D. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk for the Court for the 23rd Judicial District Court on the 10TH DAY OF SEPTEMBER, 2026.

Vera A Jones

ASCENSION DEPUTY CLERK FOR
BRIDGET HANNA, CLERK OF COURT

REQUESTED BY: AVERILL, MATTHEW J

**SERVICE**

SERVED ON
NANCY LANDRY
SEP 16 2026
SECRETARY OF STATE
COMMERCIAL DIVISION

Ascension C-149036
Filed Sep 08, 2026 2:44 PM C
Amiya Luquette
Deputy Clerk of Court
E-File Received Sep 08, 2026 2:18 PM

**23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION**

**STATE OF LOUISIANA**

**DOCKET NO.** **DIVISION**

**ANDREA ALEXANDER**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

**FILED:** ____________________ ____________________
**DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come Plaintiff ANDREA ALEXANDER, in the above-entitled action, who files this Petition against the Defendant(s) named herein, and in support thereof, respectfully represents the following:

1.

Plaintiff is a person of the full age of majority and is domiciled in the Parish of Ascension, Louisiana.

2.

Made defendant herein is:

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company incorporated under the laws of Illinois and having its principal place of business in the State of Illinois.

3.

Venue is proper in this court pursuant to Louisiana Code of Civil Procedure article 76 because it is the parish where the loss occurred or the insured is domiciled.

Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

4.

Plaintiff owns property located at 38108 Timber Trace, Prairieville, Louisiana 70769 (hereinafter, "Property").

5.

Defendant issued a policy of insurance covering Plaintiff's Property, which was in full force and effect at the time of the loss asserted herein. The policy number is believed to be 18CCV1323. All lawful terms of the insurance policy are plead and incorporated by reference.

6.

The policy of insurance requires, in pertinent part, that Defendant provide coverage for propèrty damage rendered to Plaintiff's property, including contents, that is the result of an accident, whether natural in cause or not, and the policy is required to comply with the provisions of Louisiana law.

7.

The insured property was damaged directly and/or indirectly due to severe weather conditions, including but not limited to wind and/or hail, for which insurance coverage should be afforded. According to documents pertinent to this claim and/or to the best of Plaintiff's knowledge and recollection, that damage occurred on or about March 30, 2025. To the extent evidence later indicates that the insured property sustained damage directly and/or indirectly during severe weather event(s) occurring as early as September 8, 2024, Plaintiff is asserting a claim herein for those damages, and insurance coverage should be afforded for same. Plaintiff further alleges that the damages sustained to the subject property may have been exacerbated by additional severe weather events – *i.e.*, severe weather events that occurred between September 8, 2025 and March



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

30, 2025 and/or between March 30, 2025 and the date of the filing of this Petition – for which a claim is being asserted herein and for which coverage should be afforded.

8.

As a result thereof, the property requires or will require repairs and replacements, as well as appropriate cleaning and other remedial measures, and potentially additional living expenses incurred. Specifically, Plaintiff has identified damage to the property's roof and gutters and/or downspouts.

9.

Plaintiff gave notice to Defendant of such loss and gave Defendant ample opportunity and/or information to fully and accurately adjust Plaintiff's losses and expenses incurred as a result thereof.

10.

Defendant assigned claim number 1886Z194G to identify the loss.

11.

To date, Defendant has not fulfilled its obligations pursuant to the insurance policy. Defendant has also failed to establish that it had reasonable proof that it was not responsible for the payment of insured damages and/or loss under the terms of the contract of insurance at issue and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance.

12.

All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

13.

Paragraph 1-12 of this Petition and the allegations contained therein are incorporated as though fully copied herein *in extenso.*

14.

The property insurance covering Plaintiff's property is a valid contract for insurance between Plaintiff and Defendant.

15.

Plaintiff has sustained losses that are covered by the policy, made a claim for said losses, and sought recovery for said losses from Defendant under the provisions contained in the policy.

16.

Despite Plaintiff's payment of premiums for insurance protection, and despite the obligations of Defendant to properly adjust all insurance claims and pay for losses caused by storm damage, Defendant failed to perform under the policy.

17.

Defendant has violated the insurance contract conditions setting forth its obligations related to loss adjustment. Defendant has failed to perform under the policy of insurance by:

a. Not thoroughly investigating the claim;

b. Not paying the claim despite obvious damages;

c. Not tendering the proceeds due under the policy in a timely fashion; and,

d. Not acting reasonably under the circumstances.



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**SECOND CAUSE OF ACTION: BAD FAITH**

18.

Paragraph 1-17 of this Petition and the allegations contained therein are incorporated as though fully copied herein *in extenso*.

19.

Upon information and belief, despite its having conducted an inspection of Plaintiff's property on or around July 17, 2025, Defendant has denied, without justification or cause, coverage for all or part of the Plaintiff's damages, and has, in bad faith, inexplicably delayed the issuance of insurance claim payments.

20.

Upon information and belief, despite having gathered facts during its inspection of the subject property sufficient to ascertain the true amount of the loss sustained to Plaintiff's property, Defendant has, without justification or cause, inexplicably delayed issuance of insurance claim payments.

21.

Upon information and belief, Defendant breached the duties of good faith and fair dealing set forth in La. R.S. 22:1892, including, but not limited to, by:

a. Breaching its affirmative duty to adjust the claim fairly;

b. Failing to pay the amount of the claim within thirty (30) days after receiving satisfactory proof of the loss;

c. Breaching its affirmative duty to make a reasonable effort to settle claims;

d. Arbitrarily, capriciously, or without probable cause failing to pay the amount of the claim due within thirty (30) days after receiving satisfactory proof of the loss;



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

e. Misrepresenting the cause and/or scope of the loss; and,

f. Engaging in litigation tactics intended to discourage insureds and their representatives from pursuing and prosecuting claims, thereby frustrating insureds' contractual rights and delaying fair claim resolution.

**DAMAGES**

22.

As a result of Defendant's actions and/or inactions as set forth above, Plaintiff has sustained substantial losses and other damages to be proven at trial, including penalties and attorney's fees.

23.

Plaintiff claims the following damages:

a. Costs of repairing the Plaintiff's property;

b. Bad faith damages under La. R.S. 22:1892;

c. Moratory damages under Civil Code Article 2000;

d. Attorney Fees;

e. Court Costs;

f. Expert and consultant fees; and

g. Other damages to be amended, presented in the Pretrial Order, and/or proven at the trial of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Defendant be served with citation and a copy of this Petition, to appear and answer this Petition for Damages and that after due proceedings, that there be judgment herein in favor of Plaintiff and against Defendant, STATE FARM FIRE AND



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

CASUALTY COMPANY, in an amount equal to the sum of all the following and be entered herein as follows:

1. Awarding all sums due to Plaintiff under the policy on account of the insured losses arising from damage to the insured property;
2. Awarding all other consequential damages, both foreseeable and unforeseeable, that relate to Defendant's breach of contract, including the costs and attorney's fees incurred in bringing this action;
3. Awarding all applicable statutory penalties, costs, and fees recoverable under La. R.S. 22:1892;
4. Awarding all costs of these proceedings;
5. Awarding pre-judgment and post-judgment interest from the date of loss until paid or as allowed by law; and
6. Awarding any such other and further relief which the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances of this matter.

***(SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON NEXT PAGE)***



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully Submitted,

AVERILL & REANEY
ATTORNEYS AT LAW LLC

MATTHEW J. AVERILL (LA #37020)
BRIAN G. REANEY, II (LA #38382)
AIMEE THIBERT (LA# 32241)
216 N. Columbia St., Suite A
Covington, LA 70433
Phone: (985) 378-8001
Fax: (985) 378-8002
Email: maverill@arlawllc.net
Email: breaney@arlawllc.net
Email: athibert@arlawllc.net
Email: driley@arlawllc.net
Email: kthomas@arlawllc.net
Email: monica@arlawllc.net

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
Through its registered agent:

Louisiana Secretary of State
Legal Services Section
8585 Archives Ave.
Baton Rouge, LA 70809



Certified True and Correct Copy
CertID: 2026091000067

Ascension Parish
Deputy Clerk Of Court

Generated Date:
9/10/2026 10:07 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).